IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Seward,<br><br>      Plaintiff,<br><br>  v.<br><br>Singer Aretha L. Franklin; C.E.O. Charles D. Beaman of Palmetto Health Richland; Major Joey Smith; and President John J. Singerling,<br><br>      Defendants. | Civil Action No. 3:17-cv-3252-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's *pro se* Complaint alleging violations of his civil rights. ECF No. 1; *see also* ECF Nos. 3, 4, 10, 17 (supplemental attachments to complaint). Plaintiff's allegations refer to his mother's death at Palmetto Health Richland ("PHR") in 1986, which Plaintiff suggests is suspicious because it occurred on his mother's birthday, as well as Plaintiff's concerns with PHR representatives' response when, in April 2017, he warned PHR against holding sex education classes on a Sunday. Documents attached to the complaint and multiple supplemental filings may suggest a broader set of concerns as they include but are not limited to articles and notes relating to a fire at Aretha Franklin's home, police shootings, a criminal trespass warning PHR issued to Plaintiff, and documents relating to Plaintiff's father's health, homeowner's insurance, and bills.

**Report and Recommendation**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 18, 2018, the Magistrate Judge issued a Report recommending the complaint be dismissed without prejudice and without issuance of service of process because the allegations do not support the existence of subject matter

jurisdiction. ECF No. 19 at 5. Specifically, the Report notes that while Plaintiff relies on 42 U.S.C. § 1983 as the legal basis for his claim(s), he has not alleged facts giving rise to an inference Defendants acted under color of state (or local) law, a necessary element of such a claim. In addition, the Report recommends dismissal because the allegations are "implausible, frivolous, and delusional."

## Objections

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections. Plaintiff's timely filed objections read, in full, as follows:

> Your Honor,
>
> Not to take away the gravity of any portion of my overall complaint I would like to address one aspect of my case which you failed to acknowledge. C.E.O. Charles P. Beaman of Palmetto Health Richland; Major Joey Smith and President John J. Singerling all of which possessing college and post graduate degrees failed to see the risks in allowing administrative director Diane Bagnal-Moody to proceed forward with her agenda.
>
> In the name of reason and more importantly safety, they ignored the threat. And a lay-person without the credentials which they themselves possess had to point out their flaws. And at a real and imminent risk to his health and well-being, specifically myself. Consequently it is on these grounds that I would like to formally appeal your decision to dismiss my complaint.

ECF No. 21 at 1.

Plaintiff attaches one page of the Report, highlighted to emphasize language addressing his attempt to warn PHR against holding sex education classes on Sunday and PHR's reaction. He also attaches an article relating to the sentencing of Larry Nassar and a headline that reads "#MeToo struggles to transform recording industry." Plaintiff does not point to any existing allegation that the complained of events were taken by a Defendant acting under color of state law. Neither does he suggest any amendment that might cure this deficiency.

2

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

Plaintiff's objections appear to focus on the failure of the three Defendants who are associated with PHR to heed Plaintiff's warning against teaching sex education classes on a Sunday. While this may suggest these allegations are of greatest concern to him, the objections do not address either basis for the Report's recommendation of dismissal.

Most critically, Plaintiff does not point to any factual allegation that might support a finding any Defendant acted under color of state (or local) law, a necessary element of a Section 1983 claim. As the only basis for federal subject matter jurisdiction suggested by the complaint is reliance on Section 1983, obvious failure to plead facts supporting a necessary element of this

3

cause of action precludes the assertion of subject matter jurisdiction.[1] The result would be the same, though the basis for dismissal would differ, if the absence of such allegations was resolved under Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim).

Plaintiffs' objections also fail to address the additional basis on which dismissal was recommended, that the allegations are implausible, frivolous, or delusional. The court has, nonetheless, reviewed all allegations and attachments to Plaintiff's various filings and finds the allegations fail to plausibly support any cause of action that might be pursued in this court.

For reasons set forth above, the court adopts the Report and Recommendation and dismisses this action without prejudice and without issuance of summons. Dismissal is for lack of subject matter jurisdiction and, alternatively for failure to state a claim. Because Plaintiff has suggested no allegations that might cure the deficiencies despite multiple supplementations of his complaint and filing objections, the court dismisses the action without leave to amend. Dismissal is, nonetheless, without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 1, 2018

---

[1] Plaintiff utilized the form titled "Complaint for Violation of Civil Rights (Prisoner Complaint)" to file his complaint. This form includes a section titled "Basis for Jurisdiction," which lists Section 1983 as one of the bases for assertion of jurisdiction. Plaintiff indicated he was proceeding under Section 1983 (thus, asserting a federal claim) by checking a box indicating the action was asserted against "State or local officials (a § 1983 claim)." ECF No. 1 at 3, 4. Nothing else in the complaint suggests any Defendant acted under color of state law.